**Opinion filed September 29, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00239-CR

_____

## HENNESSY HUNT, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR38280**

### M E M O R A N D U M   O P I N I O N

The trial court convicted Hennessy Hunt of the offense of forgery by passing and assessed punishment at 180 days in a state jail facility. We dismiss the appeal.

The papers on file in this court indicate that appellant's sentence was imposed on June 2, 2011, and that no motion for new trial was filed. Appellant filed a notice of appeal on July 15, 2011, forty-three days after the date sentence was imposed. On September 2, 2011, upon receiving appellant's notice of appeal, the docketing statement, and the trial court's certification of the right of appeal in this case, this court notified the parties by letter that the notice of appeal

appeared to be untimely, that this was a plea-bargain case in which appellant has no right of appeal, and that appellant had waived his right of appeal. We requested that appellant respond and show grounds for continuing this appeal. We also informed appellant that the appeal may be dismissed for want of jurisdiction.

Appellant filed a response on September 15, 2011. In his response, appellant challenges the indictment and the actions of his counsel as grounds for continuing the appeal. Appellant also asserts that the trial judge stated in open court that appellant could appeal. However, nowhere in his response does appellant address the untimeliness of his notice of appeal.

Pursuant to TEX. R. APP. P. 26.2, the notice of appeal was due to be filed within thirty days after the date the sentence was imposed in open court. Appellant's notice of appeal was not filed until forty-three days after sentence was imposed. Appellant did not file a motion for extension of time as provided for in TEX. R. APP. P. 26.3. Absent a timely notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993).

Accordingly, this appeal is dismissed for want of jurisdiction.

PER CURIAM

September 29, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.